IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| VESCOR CAPITAL CORP., et al.,<br><br>Plaintiffs,<br><br>vs.<br><br>VALLE VERDE LIMITED PARTNERSHIP, et al.,<br><br>Defendants. | MEMORANDUM DECISION AND ORDER TO TRANSFER FUNDS FROM INTERPLEADER AND TO RELEASE FUNS FOR USE BY THE RECEIVERSHIP IN VALLE VERDE<br><br><br>Case No. 2:07-CV-363 |

Before the Court is the Receiver's Motion to Transfer Funds from Interpleader and to Release Funds for Use by the Receivership in Valle Verde and Oak Valley Investments, L.P. and Jonathan H. Horne's ("Oak Valley") Renewed Motion to Substitute Oak Valley for VesCor Capital Corporation as the Real Party in Interest. After review and consideration of the briefs submitted by the parties, the Court enters the following Memorandum Decision and Order.

**I.  Factual Background**

This case arises in the aftermath of the collapse of a Ponzi scheme devised by Val Edmund Southwick in 1990. Over the course of approximately 16 years, Southwick,  VesCor Capital Corp, VesCor Capital, Inc., VesCorp Capital, LLC, VesCorp Capital IV-A, LLC,

VesCorp Capital IV-M, LLC, and other affiliated limited partnerships, corporations, and business entities (collectively referred to as "VesCor") grew to over 150 shell entities with debts owed to over 800 investors. On or about May 31, 2006, Southwick's scheme collapsed under its own weight and Southwick stopped paying monthly interest payments and principal redemptions to most investors.

Shortly thereafter, on September 1, 2006, Oak Valley Investments, L.P., filed a lawsuit in this Court against Val E. Southwick, VesCor Capital Corp., and VesCor Development, LLC, to secure repayment of its investments in Southwick's Ponzi scheme. *Oak Valley Investments, L.P. v. Val E. Southwick, VesCor Capital Corp., & VesCor Devel., LLC*, No. 2:06-CV-00737, Dkt. 1 (D. Utah, September 1, 2006).

On June 1, 2007, VesCor Capital Corporation, R.O.C.S.E.V. Capital, and One Mortgage Ltd., LLC filed this interpleader action, seeking a determination of the Interpleader parties' claims to proceeds of the sale of two office buildings in Henderson, Nevada. *Amended Complaint*, Dkt. 7, ¶ 7. According to a pre-litigation memorandum filed by the interpleader plaintiffs, VesCor Capital Corp.'s share of the interpled money was 9.492%. *Memorandum in Support of Plaintiff's Case Management Order*, July 2, 2007, Dkt. 10, ¶ 23.

Later, on February 6, 2008, the United States Securities and Exchange Commission ("SEC") filed suit against Southwick and VesCor, alleging violations of the Securities Act of 1933 and the Securities Exchange Act of 1934. *SEC v. VesCor Capital Corp.*, No. 1:08-CV-00012 (D. Utah Feb. 6, 2008). Two days later, on February 13, 2008, this Court entered judgment in favor of Oak Valley in the principal amount of $2,165,000, plus interest. *Oak Valley Investments, L.P. v. Val E. Southwick, VesCor Capital Corp., & VesCor Devel., LLC*, No. 2:06-

CV-00737, Dkt. 282 (D. Utah Feb. 13, 2008). Oak Valley subsequently obtained a Writ of Execution in the amount of $2,995,441.00 on March 21, 2008. *Id.*, Dkt. 293. Oak Valley then prepared a *Praecipe* in the Southwick Case requesting Salt Lake County and/or Weber County sheriffs to collect, execute upon, and sell all of the Southwick Defendants' non-exempt property, including any claims to the funds in the present interpleader account. On approximately April 24, 2008, the Salt Lake County Deputy Constable levied upon the non-exempt property and sold it to Oak Valley at a public auction for $5,000.00.

Very shortly thereafter, on May 5, 2008, this Court appointed Robert G. Wing as Receiver for VesCor and its affiliated entities. In the meantime, on March 31, 2008, in a separate state action, Southwick pleaded guilty to nine counts of securities fraud, each a felony in the second degree, in the Third District Court of Utah, and was later sentenced to serve nine consecutive 1-15 year prison terms, the maximum allowed by State law.

## II. Discussion

The Receiver seeks to transfer the interpled funds into the receivership. In response, Oak Valley seeks to be allowed to enforce VesCor's rights to the same funds. The interpleader account contains payments relating to the sale of office buildings in Nevada. VesCor's claims to the interpled funds were based on "loans" VesCor made using money it fraudulently obtained from the investors in Southwick's Ponzi scheme. In other words, VesCor's claims arose under contracts presumed by law to be illegal. *Warfield v. Carnie*, No. 3:04-CV-633, 2007 WL 1112591, at *12 (N.D. Tex. 2007) (citing In re *United Energy Corp.*, 944 F.2d 589, 595 (9th Cir. 1991)); *see also Sender v. Simon*, 84 F.3d 1299, 1307 (10th Cir. 1996) ("As other courts have recognized in the context of Ponzi schemes, courts generally will not enforce an illegal contract

based upon 'the elementary principle that one who has himself participated in a violation of law cannot be permitted to assert in a court of justice any right founded upon or growing out of the illegal transaction.'").

Allowing Oak Valley to take VesCor's place in the interpleader action and enforce VesCor's now invalid rights would in essence permit Southwick's scheme to run one more round. The Receivership was created to marshal the money invested in VesCor and distribute it to the defrauded investors as fairly and expeditiously as possible. The funds in the interpleader account should therefore be returned to the those defrauded investors through the receivership. Accordingly, Oak Valley's renewed Motion to Substitute is DENIED and the Receiver's Motion to Transfer Funds from Interpleader and To Release Funds for Use by the Receivership in Valle Verde is GRANTED. The interpled funds are to be released to the receivership estate. The Tax Identification number for the receivership is 87-0481872.

**IT IS SO ORDERED**

DATED this 29th day of January, 2009.

Dee Benson
United States District Judge